UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KEANG SIM LIM, et al.,<br><br>　　　　Defendants. | No. 2:15-cv-0152 GEB AC<br><br><br>ORDER |

Plaintiff's Motion To Compel and Motion Seeking Rule 37 Sanctions (ECF No. 14) came on for hearing on August 12, 2015. However, it appears that defendants had actually produced the requested discovery in the late afternoon of the day preceding the hearing. The court accordingly delayed any ruling on the Motion To Compel, until plaintiff had a chance to advise the court if he was satisfied with the discovery responses. Plaintiff has now withdrawn his Motion To Compel, and "respectfully requests that the Court remove this filing from the docket." ECF No. 18. The court will accordingly strike ECF No. 14 from the docket.

At the hearing, defendants' counsel, Geoffrey Wm. Steele, Esq., accepted responsibility for defendants' failure to timely produce the requested discovery and to respond to the Motion To Compel. The court therefore granted plaintiff's request for $500 in Fed. R. Civ. P. ("Rule") 37 sanctions to cover plaintiff's attorney's fees in drafting the Motion To Compel. See ECF No. 14-2 ¶ 11. Defendants' counsel assured the court that he had his checkbook with him and

1

would pay the sanction. The court's order from the bench requiring defendant's counsel to pay Rule 37 sanctions to plaintiff remains in effect, notwithstanding plaintiff's subsequent withdrawal of his motion, and the requested striking of the motion from the docket.

Further, although plaintiff has withdrawn his motion, the failure of defendants' counsel to respond to the discovery request and to respond to the motion to compel, are in violation of the Federal Rules of Civil Procedure and the Local Rules of this court. See Fed. R. Civ. P. 33(b)(2) (responding party must respond to interrogatories within 30 days), 34(b)(2) (same, for document requests) and E.D. Cal. R. ("Local Rule") 251(e) (responding party must file response no later than seven days before this type of discovery hearing). These violations put needless pressure on scarce judicial resources, by provoking an unnecessary discovery hearing. Accordingly, pursuant to Local Rule 110, the court will separately sanction defendant's counsel for this conduct.[1]

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion to Compel (ECF No. 14) is hereby WITHDRAWN, and ECF No. 14 is ordered STRICKEN from the docket;

2. The court's bench order requiring defendants' counsel to pay $500 in Rule 37 sanctions to plaintiff is CONFIRMED;

3. Defendants' counsel is SANCTIONED $250.00, to be paid to the Clerk of the Court, no later than 30 days from the date of this order.

4. Defendants' counsel shall not bill these sanctions in any way to defendants, and shall, within 30 days from the date of this order, file a declaration attesting that the sanctions are not being billed to defendants in any way.

DATED: August 19, 2015

*signature*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] The court accepts counsel's explanation for his conduct, and commends his openness and ready acceptance of responsibility, but finds that under the circumstances, the explanation does not excuse the conduct.