UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>KEANG SIM LIM and LY TECH NGOV,<br><br>    Defendants. | No.  2:15-cv-00152-JAM-AC<br><br>**ORDER RE PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND EXPENSES** |

Plaintiff Scott Johnson sued Defendants Keang Sim Lim and Ly Tech Ngov, alleging that Defendants' restaurant in Fairfield, California did not comply with the Americans with Disabilities Act ("ADA") and California law.[1] ECF No. 1.  After prevailing on summary judgment, ECF No. 33, Plaintiff moves for attorneys' fees and litigation expenses.  ECF No. 36.  Defendants objected to Plaintiff's Notice of Non-Receipt of Opposition.[2] ECF No. 39.

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for December 13, 2016.

[2] Defendants did not file an opposition brief.  Instead, they explained that they "mis-calendared the due date" for filing an opposition brief, and sought leave to file one.  ECF No. 39, at 1.  This Court denied Defendants' request.  ECF No. 40.

I.   OPINION

A.   Legal Standard

A prevailing party is entitled to reasonable attorneys' fees and expenses under the ADA and the Unruh Act.  42 U.S.C. § 12205; Cal. Civ. Code § 52(a).  "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the parties."  Farrar v. Hobby, 506 U.S. 103, 111-12 (1992).  To determine a reasonable fee, courts calculate "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

B.   Analysis

1.   Hours Reasonably Expended

Plaintiff submitted a billing summary itemizing the hours billed by five attorneys: Mark Potter, Phyl Grace, Dennis Price, Amanda Lockhart, and Isabel Masanque.  Billing Summary, ECF No. 36-3, at 1.  Initially, Plaintiff requested $16,234.47 in fees and costs, but has reduced it to $13,784.47.  Mot. at 1; Request for Modified Award, ECF No. 38, at 2.

The Court finds Plaintiff's attorneys fee request to be excessive.  Plaintiff seeks nearly $14,000 for services billed in this relatively non-complex ADA case—an area of the law in which Plaintiff's attorneys have extensive experience.  First, the Court finds it unreasonable and inefficient to staff five attorneys on a case that parallels hundreds of other cases these attorneys have brought on Plaintiff's behalf.  Even counsel

acknowledges that the "case presented no significant legal issues of first impression" and "did not present specialized or skillful challenges and was a fairly straight-forward application of the law." Mot. at 11, 13. Plaintiff's counsel does not explain why this case required two partners and three associates. To staff five lawyers is cumulative and inefficient; one partner and one associate should have sufficed.

Second, Plaintiff's attorneys frequently use boilerplate forms to litigate ADA cases. In fact, the Court is also reviewing another request by this law firm for attorneys' fees in a similar ADA case—the pleadings and briefing there parallel the pleadings and briefing here. This is not the first time this Court has addressed this issue with Plaintiff's attorneys. Just 4 months ago, this Court concluded that some of Potter's, Lockhart's, and Masanque's billing entries were unreasonable. See Johnson v. Chan, No. 14-cv-1671, 2016 WL 4368104, at *2-3 (E.D. Cal. Aug. 15, 2016).

The boilerplate nature of the filings in this case suggest that it should have taken Potter little time to draft the complaint, discovery requests, and attorneys' fees motion. The Court therefore reduces Potter's 1/18/2015 entry for drafting the complaint from 0.6 to 0.3 hours, 4/8/2015 entry for drafting discovery from 1.4 to 0.5 hours, and 10/17/2016 entry for drafting the fee motion from 1.2 to 0.5 hours.

Having made the above reductions, the Court finds that Potter reasonably expended 6.8 hours and Lockhart reasonably expended 14.3 hours. The Court declines to award fees for the hours Grace, Price, and Masanque billed because their work was

3

1  unnecessarily duplicative and inefficient.  See Chan, 2016 WL
2  4368104 at *1.  See also Davis v. City & Cty. of San Francisco,
3  976 F.2d 1536, 1543 (9th Cir. 1992) ("It simply is not
4  reasonable for a lawyer to bill, at her regular hourly rate, for
5  tasks that a non-attorney employed by her could perform at a
6  much lower cost.").

       2.   Reasonable Hourly Rate

8     The Court must now multiply the reasonable hours expended in
9  this litigation by the reasonable hourly rate for each attorney.
10 See Chan, 2016 WL 4368104 at *3.  Courts determine reasonable
11 hourly rates by reviewing the "prevailing market rates in the
12 relevant community."  See Blum v. Stenson, 465 U.S. 886, 895
13 (1984)).  The party seeking fees must "produce satisfactory
14 evidence...that the requested rates are in line with...lawyers of
15 reasonably comparable skill, experience and reputation."  See id.
16 at 895 n.11.

17    Plaintiff seeks hourly rates of $350 for Potter and $200 for
18 Lockhart.  Mot. at 3.  Plaintiff's counsel relies on John
19 O'Connor's expertise on attorneys' hourly billing rates, ECF No.
20 36-4, and the 2014 Real Rate Report.  ECF No. 36-5.  This Court
21 is not persuaded that the requested hourly rates are reasonable.
22 First, O'Connor's declaration offers no help because O'Connor
23 does not evaluate disability access cases; instead, O'Connor's
24 analysis primarily pertains to labor litigation.  See ECF No. 36-
25 4.  Second, the Real Rate Report addresses reductions to hourly
26 fees for numerous corporate practice areas, but not disability
27 access.  ECF No. 36-5, at 29.  The Report does not provide a
28 helpful benchmark for lawyers litigating disability access cases

4

for non-corporate clients.

"District judges can...consider the fees awarded by other judges in the same locality in similar cases." Moreno v. City of Sacramento, 534 F.3d 1106, 1115 (9th Cir. 2008). Recently, this Court and other judges in the Eastern District of California have found the hourly rates of $300 for Potter and $150 for junior associates reasonable for disability access cases in the Sacramento legal community. See Chan, 2016 WL 4368104 at *3; Johnson v. Gross, No. 14-2242, 2016 WL 3448247, at *3 (E.D. Cal. June 23, 2016); Johnson v. Lin, No. 13-cv-1484, 2016 WL 1267830, at *4 (E.D. Cal. Mar. 31, 2016).

Accordingly, the attorneys' fees here are awarded as follows:

| | | | | | |
|---|---|---|---|---|---|
| Potter | 6.8 | x | $300 | = | $2,040.00 |
| Lockhart | 14.3 | x | $150 | = | $2,145.00 |
| | | | | | $4,185.00 |

Lastly, the Court grants Plaintiff's motion to recover $3,979.47 in litigation expenses.

## II. ORDER

For the reasons set forth above, the Court GRANTS Plaintiff's motion for attorneys' fees and expenses. The Court awards $8,164.47.

IT IS SO ORDERED.

Dated: December 15, 2016

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE